**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**L WALKER ALLEN, II**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 14–204**

**ROBERT C LOWE, ET AL**                          **SECTION "H"(4)**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss (Doc. 7). For the following reasons, the Motion is GRANTED. Plaintiff's claims pursuant to 42 U.S.C. § 1983 and the Louisiana Unfair Trade Practices Act are DISMISSED WITH PREJUDICE and this matter is REMANDED to the 22nd Judicial District Court for the Parish of St. Tammany. Plaintiff shall file a brief, on or before October 20, 2014, addressing whether Defendants should not be awarded reasonable attorney's fees incurred in defense of the dismissed claims.

## BACKGROUND

Plaintiff filed this suit asserting damages arising out of several events that occurred during the course of his divorce proceeding in Louisiana state court.

Defendants, Robert Lowe, Jeffrey Hoffman, and Lowe, Stein, Hoffman, Allweiss & Hauver, LLP, represented Plaintiff's wife, Susan Martin.[1]  While the divorce action was pending, Plaintiff filed a separate suit in Louisiana state court seeking the partition of a vehicle that Plaintiff alleged was co-owned by him and Ms. Martin.  The parties to the automobile partition proceeding (Plaintiff and Ms. Martin) jointly requested that the partition proceeding be transferred to the Louisiana judge who was presiding over the divorce, Judge Devereux.

Prior to the filing of the partition proceeding, Judge Devereux ordered that Ms. Martin be given exclusive use of the vehicle during the pendency of the divorce.  After the partition action was consolidated before Judge Devereux, she issued an oral order compelling Plaintiff to surrender title of the vehicle to Ms. Martin.  Plaintiff's counsel was present when the oral order was issued. On the date that Plaintiff was to surrender title, his attorney refused to comply.  In response, Defendants, on Ms. Martin's behalf, moved to hold Plaintiff in contempt for violating the oral order and sought attorney's fees in connection with the contempt motion.  The state court ordered that the contempt motion be set before a hearing officer on December 19, 2012.  On that same date, Judge Devereux held a hearing on several unrelated pending motions.  The court then elected to waive the proceeding before the hearing officer and handle the contempt motion herself; counsel for Plaintiff was present.  Judge Devereux granted the motion for contempt and ordered Plaintiff to surrender the title that day, to pay attorney's fees to Defendants, and a $1,000 sanction.  Judge

---

[1] Ms. Martin is named as a defendant in this suit, but she has not been served.

Devereux also ordered that, if Plaintiff failed to obey the contempt order, he would be sentenced to 30 days in the parish jail. Plaintiff complied with the contempt order promptly. Plaintiff sought supervisory review of the contempt order through the Louisiana courts and later argued that the court lacked subject matter jurisdiction over the partition action. Both arguments were ultimately unsuccessful.[2]

On December 19, 2013, Plaintiff filed the instant suit in Louisiana state court. He alleges that Defendants' conduct in the divorce and partition proceedings deprived him of various constitutional rights in violation of 42 U.S.C. § 1983 and violated the Louisiana Unfair Trade Practices Act, La. Rev. Stat. 51:1401, *et seq* ("LUTPA"). Defendants removed the suit to this court and filed the instant Motion to Dismiss. Defendants also move this Court to impose reasonable attorney's fees associated with their defense of the § 1983 and LUTPA claims pursuant to separate statutory provisions permitting such awards.[3] Plaintiff has not opposed the Motion. Nonetheless, the Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[4]

---

[2] *Allen v. Allen*, 132 So. 3d 380 (La. 2013) (denying supervisory review of the contempt order); *Allen v. Allen*, – So.3d. –, 2014 WL 1800077 (La. May 7, 2014) (finding that the state judge had subject matter jurisdiction over the partition action).

[3] *See* 42 U.S.C. § 1988 (permitting recovery of attorney's fees in § 1983 cases); La. Rev. Stat. § 51:1409(A) (permitting recovery of attorney's fees in LUTPA cases).

[4] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("[The] failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint."); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[5] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7] The court need not, however, accept as true legal conclusions couched as factual allegations.[8] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9] The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[10] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[11]

## LAW AND ANALYSIS

Defendants move to dismiss two of Plaintiff's claims. The Court will

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[6] *Id.*

[7] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Id.*

[10] *Lormand*, 565 F.3d at 255–57.

[11] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

address each claim separately.

## I. The § 1983 Action

In order to state a claim under section 1983 Plaintiff must allege that (1) he was deprived of a right secured by the Constitution and laws of the United States and (2) Defendants deprived him of that right acting under color of state law.[12]  In order for a defendant to act "under color of state law" for the purposes of section 1983, his conduct must be fairly attributable to the state.[13]  Defendants argue that their conduct is not fairly attributable to the state because they are private citizens.

Private individuals are generally not state actors "and private misuse of a state statute does not describe conduct that can be attributed to the State."[14]  "Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors."[15]  In order to show that a private citizen was engaged in joint activity with a state agent, a plaintiff must allege "an agreement between the private and public defendants to commit an illegal act."[16]  In this case, Plaintiff fails to allege any agreement between the private-party Defendants and a state actor.  Rather, the allegations of Plaintiff's petition belie such a conclusion.

---

[12] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

[13] *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

[14] *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

[15] *Id.*

[16] *Id.*

Plaintiff alleges that Defendants "inveigled" the state judge into finding Plaintiff in contempt without appropriate due process. Inveigle means "to lure or entice through deceit or insincerity."[17] Thus, according to Plaintiff, the state judge who held him in contempt was not acting in concert with Defendants but was deceived into violating the law. Because Plaintiff's petition clearly alleges that Defendants did not act in concert with a state official, their private conduct is not "fairly attributable" to the state. Accordingly, Plaintiff's section 1983 claim is dismissed with prejudice.[18]

Defendants also move this Court to award them reasonable attorney's fees pursuant to 42 U.S.C. § 1988.[19] "A prevailing defendant [in a 1983 action] is entitled to fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless."[20] While Defendants have made a compelling argument for the award of attorney's fees, the Court is hesitant to award attorneys fees at this time. Plaintiff did not oppose the Motion to Dismiss, nor has he filed any substantive pleading since this matter was removed to this Court. The Court would like to hear from Plaintiff before awarding attorney's fees. Accordingly, Plaintiff shall file a brief, on or before October 20, 2014, addressing whether Defendants should be awarded reasonable attorney's fees

---

[17] Black's Law Dictionary 901 (9th ed. 2009).

[18] This Court has previously dismissed § 1983 claims under similar circumstances. *See Harrison v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.*, No. 04-1651, 2005 WL 517342 (E.D. La. Feb. 24, 2005) *aff'd Harrison v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, No. 05-30370, 2006 WL 558902 (5th Cir. Mar. 8, 2006).

[19] "In any action [pursuant to] section[] 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

[20] *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000).

pursuant to 42 U.S.C. § 1988.

## II. The LUTPA Action

Defendants also move to dismiss Plaintiff's LUTPA claim. Louisiana law permits Plaintiffs injured by unfair trade practices to bring a private action for damages.[21] While the question of what constitutes an unfair trade practice has been left to individual courts to decide on a case-by-case basis,[22] the Louisiana Supreme Court has recently clarified that certain conduct does not constitute an unfair trade practice.

In *Quality Environmental Processes, Inc. v. I.P. Petroleum Company, Inc.*,[23] the court explained that the purpose of the LUTPA is "to protect consumers and to foster competition."[24] "Specifically, these goals include halting unfair business practices and sanctioning the businesses which commit them, preserving and promoting effective and fair competition, and curbing business practices that lead to a monopoly and unfair restraint of trade within a certain industry."[25] The court also clarified that the purpose of the LUTPA is *not* to ensure ethical and fair conduct in litigation.[26] On that basis, the court refused to permit a Plaintiff allegedly injured by abusive discovery practices to recover

---

[21] La. Rev. Stat. § 51:1409.

[22] *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993).

[23] –- So.3d —, No. 2013-1582, 2014 WL 1800081 (La. May 7, 2014).

[24] *Id.* at *12.

[25] *Id.*

[26] *Id.* at *13.

under LUTPA.[27]

Plaintiff's claim in this case, that Defendants wrongfully procured a contempt judgment, is simply not a wrong that can be remedied by a LUTPA action. This does not mean that Plaintiff is without remedy. Plaintiff has the right to seek supervisory review of the contempt judgment in the Louisiana courts[28] and to appeal the contempt finding following the entry of a final judgment in the divorce proceeding.[29] He cannot, however, remedy this alleged wrong through a LUTPA action. Accordingly, Plaintiff's LUTPA claim is dismissed with prejudice.

Defendants also seek attorney's fees in connection with the LUTPA claim. LUTPA permits prevailing defendants to recover attorney's fees only when the action "was groundless and brought in bad faith or for purposes of harassment."[30] As with the § 1983 claim, the Court is not comfortable awarding attorney's fees without giving Plaintiff an opportunity to be heard. Accordingly, Plaintiff shall file a brief, on or before October 20, 2014, addressing whether Defendants should not be awarded reasonable attorney's fees pursuant to La. Rev. Stat. § 51:1409.

---

[27] *Id.* ("LUTPA is an act of the legislature and cannot be applied to regulate or define the practice of law, including the conduct of attorneys").

[28] In fact, Plaintiff did seek supervisory review of the contempt order, albeit unsuccessfully. *Allen*, 132 So. 3d at 380.

[29] *See* La. Code Civ. Proc. art. 2081, *et seq.* It appears that the state court has not yet issued a final judgement in the divorce. Accordingly, Plaintiff's right to appeal has not yet attached.

[30] La. Rev. Stat. § 51:1409.

### III. Plaintiff's Sole Remaining Claim

Plaintiff's First Amended Petition alleges that Defendant's conduct violated the Louisiana Rules of Professional Conduct and that Louisiana recognizes a private right of action for violations of the ethical rules governing attorneys.[31] Since Defendants have not moved to dismiss this claim, it will remain as the sole surviving claim in this action. Because this claim is based entirely on Louisiana, as opposed to federal, law, the Court pauses to consider its jurisdiction.

When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.[32] In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[33]

Having considered the relevant factors, the Court declines to exercise supplemental jurisdiction. Plaintiff cannot be prejudiced by remanding his state law claim because the Court would be remanding this matter to the forum of Plaintiff's choice. Additionally, the above-captioned matter has only been pending for approximately eight months. No trial or pre-trial deadlines have been set. The parties' pre-trial efforts have been directly almost exclusively

---

[31] Doc. 1-2, p. 4–5.

[32] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).

[33] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

towards the pending dismissal motions.[34]  Furthermore, given the relative infancy of this matter, the Court is not intimately familiar with the facts.  Thus, declining to exercise supplemental jurisdiction at this juncture is consistent with the principles of judicial economy, convenience, and fairness to the parties.[35]  Accordingly, this matter is remanded to the 22nd Judicial District Court for the Parish of St. Tammany.  The Court will retain jurisdiction to decide the issue of attorney's fees.[36]

## CONCLUSION

For the foregoing reasons, Plaintiff's section 1983 and LUTPA claims are DISMISSED WITH PREJUDICE and this matter is REMANDED to the 22nd Judicial District Court for the Parish of St. Tammany.  Additionally, Plaintiff shall file a brief, on or before October 20, 2014, addressing whether Defendants should not be awarded reasonable attorney's fees incurred in defense of the dismissed claims.  Should Plaintiff file a brief as ordered, Defendants may file a reply no later than October 30, 2014.

New Orleans, Louisiana, this 9th day of September, 2014.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[34] *See Phelan v. Norville,* 460 F. App'x 376, 382 (5th Cir. 2012) (affirming district court order remanding state law claims under similar circumstances).

[35] *See Batiste*, 179 F.3d at 228.

[36] *See Fox v. Vice*, 131 S. Ct. 2205, 2218 (2011) (permitting a district court to award attorney's fees under section 1988 after remanding state-law claims under section 1367(c)).