**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

L WALKER ALLEN, II                          CIVIL ACTION

VERSUS                                      NO. 14–204

ROBERT C LOWE, ET AL                        SECTION "H"(4)

## ORDER AND REASONS

On September 9, 2014, this Court dismissed Plaintiff's claims pursuant to 42 U.S.C. § 1983 and the Louisiana Unfair Trade Practices Act, La. Rev. Stat. 51:1401, *et seq* ("LUTPA") with prejudice. The Court also ordered the parties to submit briefing regarding Defendants' request for reasonable attorney's fees incurred in defense of the dismissed claims (Doc. 14). The Court now holds that the section 1983 and LUTPA claims were objectively groundless and brought in bad faith. Accordingly, Defendants' request for attorney's fees is GRANTED, and this matter is referred to the Magistrate Judge for a report and recommendations regarding the quantum of the award.

1

## BACKGROUND

Plaintiff filed this suit seeking damages arising out of several events that occurred during the course of his divorce proceeding in Louisiana state court. Defendants Robert Lowe, Jeffrey Hoffman, and the law firm of Lowe, Stein, Hoffman, Allweiss & Hauver, LLP, represented Plaintiff's wife, Susan Martin.[1] While the divorce action was pending, Plaintiff filed a separate suit in Louisiana state court seeking the partition of a vehicle that Plaintiff alleged was co-owned by him and Ms. Martin. The parties to the automobile partition proceeding (Plaintiff and Ms. Martin) jointly requested that the partition proceeding be transferred to the judge who was presiding over the divorce, Judge Devereux.

Prior to the filing of the partition proceeding, Judge Devereux ordered that Ms. Martin be given exclusive use of the vehicle during the pendency of the divorce. After the partition action was consolidated before Judge Devereux, she issued an oral order compelling Plaintiff to surrender title of the vehicle to Ms. Martin. Plaintiff's counsel was present when the oral order was issued. On the date that Plaintiff was to surrender title, his attorney refused to comply. In response, Defendants, on Ms. Martin's behalf, moved to hold Plaintiff in contempt for violating the oral order and sought attorney's fees in connection with the contempt motion. The state court ordered that the contempt motion be set before a hearing officer on December 19, 2012. On that same date, Judge Devereux held a hearing on several unrelated pending motions. The court then elected to waive the proceeding before the hearing officer and handle the

---

[1] Ms. Martin was named as a defendant in this suit but was never served.

contempt motion itself.   Counsel for Plaintiff was present.   Judge Devereux granted the motion for contempt and ordered Plaintiff to surrender the title that day and to pay attorney's fees to Defendants and a $1,000 sanction.   Judge Devereux also ordered that, if Plaintiff failed to obey the contempt order, he would be sentenced to thirty days in the parish jail.   Plaintiff complied with the contempt order promptly.

Plaintiff sought supervisory review of the contempt order through the Louisiana courts and later argued that the district court lacked subject matter jurisdiction over the partition action.   Both arguments were ultimately unsuccessful.[2]   The contempt judgment was affirmed on direct appeal in December of 2014.[3]

On December 19, 2013, Plaintiff filed the instant suit in Louisiana state court alleging that Defendants' conduct in the divorce and partition proceedings violated 42 U.S.C. § 1983 and LUTPA.   Defendants removed the suit to this court and filed a motion to dismiss arguing that Plaintiff failed to state a claim for a violation of either statute.   Defendants also requested reasonable attorney's fees associated with their defense of the section 1983 and LUTPA claims pursuant to 42 U.S.C. § 1988 and La. Rev. Stat. § 51:1409, respectively.[4] Despite the fact that the motion to dismiss remained pending for nearly seven months,

---

[2] *Allen v. Allen*, 132 So. 3d 380 (La. 2013) (denying supervisory review of the contempt order); *Allen v. Allen*, – So.3d. –, 2014 WL 1800077 (La. May 7, 2014) (finding that the state judge had subject matter jurisdiction over the partition action).

[3] *Allen v. Allen*, 2013-0996, 2014 WL 7368574 (La. Ct. App. 1 Cir. Dec. 29, 2014).

[4] *See* 42 U.S.C. § 1988 (permitting recovery of attorney's fees in § 1983 cases); La. Rev. Stat. § 51:1409(A) (permitting recovery of attorney's fees in LUTPA cases).

Plaintiff never filed an opposition.  The Court granted the motion to dismiss but deferred ruling on the request for attorney's fees, offering Plaintiff one last opportunity to be heard.  On October 27, 2014, eight months after the motion to dismiss was filed, Plaintiff filed a brief arguing that the action was meritorious and that Defendants were not entitled to attorney's fees.

## LAW AND ANALYSIS

Defendants seek attorney's fees incurred in defending two of Plaintiff's claims.  The Court will address each claim separately.

### I. The § 1983 Action

Pursuant to 42 U.S.C. § 1988, a court may, in its discretion, award attorney's fees to the prevailing party in a section 1983 action.  "A prevailing defendant is entitled to fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless."[5]  "[A] court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."[6]  "To determine whether a claim is frivolous or groundless, [the Fifth Circuit has] stated that courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial."[7]

In the Order dismissing this case, the Court held that Plaintiff had failed

---

[5] *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir.2000).

[6] *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir. 2012).

[7] *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011).

4

to state a section 1983 claim because Defendants are not state actors and the petition was devoid of any allegations suggesting that Defendants engaged in a conspiracy with state actors.  It is well-established law that a private individual may not be held liable under section 1983 in the absence of a conspiracy between the private individual and a state actor.[8]  Plaintiff's petition not only fails to allege a conspiracy between Defendants and a state actor but alleges that Defendants deceived Judge Devereux into violating the law.  The Court noted in the Order that it appeared that the section 1983 claim was frivolous but permitted Plaintiff an opportunity to argue otherwise.

In response to Defendants' request for attorney's fees, Plaintiff presents two arguments.  First, he argues that the Court's order dismissing the case was legally incorrect.  Plaintiff does not, however, cite a single relevant case in support of his argument that this action had arguable merit.[9]  Second, Plaintiff argues that the Court should have permitted him to present evidence in support of his claim.  This argument is spurious.  Defendant's Motion to Dismiss remained pending before this Court for nearly seven months, during which Plaintiff made absolutely no attempt to present any evidence or argument in support of his claims.  Plaintiff cannot now claim that it was the Court, rather than Plaintiff's own inaction, that deprived him of the opportunity to present

---

[8] *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

[9] Plaintiff cites one Louisiana Supreme Court disciplinary opinion that held it was improper for a trial judge to permit an attorney to "egg him on" to an improper result.  *In re Cresap*, 940 So. 2d 624, 635 (La. 2006).  That case is wholly unrelated to the present matter. In *Cresap*, the Court was commenting on appropriate judicial conduct.  The Court did not mention, much less discuss, section 1983.

arguments in support of his claim.

While the Court has no difficulty concluding that Plaintiff's section 1983 claim was frivolous, the Court must still consider the factors identified by the Fifth Circuit. The Court has already concluded that Plaintiff failed to plead, must less prove, facts sufficient to establish a prima facie case. Additionally, there is no evidence that Defendants ever offered to settle the case, and the Court dismissed the case pursuant to Rule 12(b)6. Accordingly, all of the factors weigh in favor of awarding attorney's fees. Finally, the Court also notes that the Fifth Circuit has previously upheld attorney's fee awards under similar circumstances.[10] Accordingly, the Court holds that Defendants are entitled to attorney's fees under 42 U.S.C. § 1988.

## II. The LUTPA Action

Defendants also seek attorney's fees incurred in defense of Plaintiff's LUTPA claim. LUTPA permits prevailing defendants to recover attorney's fees only when the action "was groundless and brought in bad faith or for purposes of harassment."[11] As the Court explained in its Order dismissing the case, Plaintiff's LUTPA claim is groundless because the Louisiana Supreme Court has held that unethical and/or abusive litigation conduct does not give rise to an action under the statute.[12]

Furthermore, the Court has little difficulty concluding that this action was

---

[10] *Offord*, 456 F. App'x at 474 (affirming award of attorney's fees in suit brought by a losing litigant against opposing counsel where plaintiff failed to properly allege a conspiracy between opposing counsel and the trial court).

[11] La. Rev. Stat. § 51:1409.

[12] *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co.*, 144 So. 3d 1011, 1026 (La. 5/7/14).

brought in bad faith or for purposes of harassment.  Indeed, it appears that Plaintiff brought this suit as a litigation tactic in the divorce proceeding.  In this suit, Plaintiff alleges that Defendants were engaged in a conspiracy with their client, Ms. Martin.  After this suit was filed, Plaintiff sought to disqualify Defendants from representing Ms. Martin in the divorce proceeding, arguing that this lawsuit had created a conflict of interest between Ms. Martin and Defendants.[13] As explained above, Plaintiff, himself an attorney, could not have reasonably believed that this lawsuit had merit.  Therefore, in the absence of any other evidence, the Court concludes that Plaintiff brought this suit in an effort to create a conflict of interest so that he could seek disqualification of his wife's divorce attorneys.  This is not a legitimate legal reason.  Accordingly, the Court finds that this action was brought in bad faith and for the purposes of harassment and that Defendants are entitled to attorney's fees under LUTPA.

In the end, this case is rather simple.  A state court judge orally ordered Plaintiff to turn over the title and keys to an automobile, on the record, and in the presence of counsel.  Plaintiff disobeyed the order, so the state court judge held Plaintiff in contempt.  Plaintiff disagreed with the contempt order and challenged it through every available process. Dissatisfied with the result in the available processes, Plaintiff decided to file a frivolous suit against opposing counsel.  When opposing counsel moved to dismiss that suit, Plaintiff did nothing.  Now, faced with the prospect of another award against him, Plaintiff's interest in this suit is suddenly renewed.  Unfortunately for Plaintiff, the suit

---

[13] Doc. 18-1.

remains as frivolous as it was the day it was filed.  Therefore, the Court will award Defendants reasonable attorney's fees incurred in the defense of Plaintiff's claims.

**CONCLUSION**

For the foregoing reasons, Defendants' request for attorney's fees is GRANTED.  Defendants shall file a Motion for Attorney's Fees before the Magistrate Judge within 20 days of this Order.

New Orleans, Louisiana, this 9th day of March, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**