**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **L. WALKER ALLEN, II** | **CIVIL ACTION** |
| **VERSUS** | **NO:    14-0204** |
| **ROBERT C. LOWE, ET AL** | **SECTION: "H" (4)** |

### REPORT AND RECOMMENDATION

On March 30, 2015, Defendants filed the subject motion entitled **Defendants' Motion for Attorneys' Fee and Costs (R. Doc. 24)**. On April 24, 2015, Plaintiff filed his memorandum in opposition to Defendants' motion. *See* R. Doc. 29. Defendants thereafter filed a motion for leave to file a reply memorandum in support of their motion for attorney's fees. *See* R. Doc. 33.

On March 9, 2015, the motion for attorney's fees was referred to the undersigned, to submit proposed findings and recommendation for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

### I.      Factual Summary

On January 23, 2014, Defendants removed the instant matter to this Court. R. Doc. 1. The action arises out of Plaintiff's state court suit, where he alleges that Defendants deprived him of various constitutional rights in violation of 42 U.S.C. § 1983 and the Louisiana Unfair Trade Practices Act, La. Rev. Stat. 51:1401, *et seq* ("LUTPA"). Defendants are attorneys for Plaintiff's wife. Plaintiff argued that Defendants committed an unlawful act by persuading the state trial court to order Plaintiff to turn over the title to a jointly owned Toyota SUV during Plaintiff's divorce proceeding. R. Doc. 1-1, p. 4.  During the proceeding on December 19, 2012, Plaintiff was held in contempt for failing to abide by the state court's prior ruling granting Plaintiff's wife the title to the vehicle. The contempt order directed Plaintiff to transfer the title and the keys to his wife. *Id.*

at 4. Plaintiff has challenged the contempt order through both writs and an appeal in state court. Plaintiff also instituted a class-action suit against all of the 22nd Judicial District Court for the Parish of St. Tammany judges for not returning fees that he was required to pay. In both state and federal actions, Plaintiff argued that the arbitrary confiscation of his private property denied him of due process and equal protection of the law, in violation of 42 U.S.C. § 1983 and unfair trade practices in violation of La. Rev. Stat 51:1401. *Id.*

On September 9, 2014, the District Court granted Defendants' unopposed Motion to Dismiss (R. Doc. 14), dismissing Plaintiff's Section 1983 claims and LUTPA claims, and remanding Plaintiff's remaining start court claims to the 22nd Judicial District Court of Louisiana. *See* R. Doc. 14. On March 9, 2015, the District Court issued an Order and Reasons granting Defendants' request for attorney's fees and ordered Defendants to file a Motion for Attorney's Fees, before the undersigned, within 20 days of its Order. *See* R. Doc. 23.

Defendants initially sought an attorney's fees award of $28,783.00 and costs totaling $1,160.10 incurred defending against Plaintiff's dismissed 42 U.S.C. § 1983 and LUTPA claims. However, in their Reply Memorandum (R. Doc. 30), Defendants now argue that they are also entitled to an additional $2,125.00 for hours expended in responding to Plaintiff's opposition to the subject motion. R. Doc. 30. In total, Defendants request $30,908.00 for attorney's fees and $1,160.10 for costs.

In support of their motion, Defendants submitted billing records in which the entries were in tenth of an hour increments. The billing entries show that Richard Stanley's hourly rate is $350, Thomas Owen's hourly rate is $250, Cassandra Hewlings's hourly rate is $150, and Eva Conner's hourly rate is $130. R. Doc. 24-1, p. 8.

Plaintiff opposes the motion and argues that Defendants submitted deliberately vague and uninformative billing invoices. R. Doc. 29, p. 1. Plaintiff further argues that Defendants' counsels billed for hours that they spent on other matters, including actions pending in the Louisiana Supreme Court, the Louisiana Court of Appeal for the First Circuit, and a previous unrelated defense of a disciplinary complaint. *Id.* at 2. Plaintiff further argues that because many of Defendants' billing statements were redacted, he should be allowed to view the entries in its unredacted form, enlist an expert witness to analyze the entries, and file a supplemental opposition thereafter. *Id.* at 2. In the alternative, Plaintiff asks that the Court conduct an *in camera review* of Defendants unredacted invoices. *Id.* at 10.

Defendants then filed a Motion for Leave to File Exhibit Under Seal (R. Doc. 31). The Court granted Defendants' motion and allowed them to file unredacted invoices, under seal, for the Court's *in camera* review. R. Doc. 34.

## II.      Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III.   Analysis

#### A.   Reasonableness of Hourly Rates

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328. *Trahan v. Crown Drilling, Inc.,* No.2011 WL 3320531, at *4 (E.D.La. July 13, 2011) (Roby, M.J.) (finding attorney's requested rate reasonable because it was not challenged by the opposing party).

Here, the Defendants seek to recover fees for four attorneys that worked on the matter. These attorneys are Richard Stanley ("Stanley), Thomas Owen ("Owen"), Cassandra Hewlings ("Hewlings"), and Eva Conner ("Conner"). Stanley, Owen, and Hewlings all practice law in the New Orleans office of Stanley, Reuter, Ross, Thornton & Alford, LLC ("Stanley Reuter"). *See* R. Doc. 24-1, p. 8. The billing entries show that Richard Stanley's hourly rate is $350 per hour, Thomas Owen's hourly rate is $250, Cassandra Hewlings's hourly rate is $150, and Eva Conner, a former associate, hourly rate is $130. R. Doc. 24-1, p. 8. The Court notes that Plaintiff's opposition does not contest the reasonableness of the attorneys' rates. Thus, the Court finds that the rates of Stanley, Owen, Hewlings, and Conner are reasonable.

### B.    Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996). Attorneys exercise "billing judgment" by excluding time that is, *inter alia*, inadequately documented when seeking fee awards. *Walker*, 99 F.3d at 769. Specifically, the party

seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

### 1. Block-Billing

As an initial matter, the fee application submitted by Defendants contains a number of entries that are block-billed. This term can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 n. 9 (10th Cir. 1998). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each task." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D.La. Jan. 6, 2009) (emphasis added). *See Yelton v. PHI, Inc* ., No. 09–3144, 2012 WL 3441826, at *8 (E.D.La. Aug. 14, 2012); *Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, No. 09–3822, 2010 WL 2773208, at *8–9 (E.D.La. July 13, 2010).

The majority of Defendants' entries have a number of tasks that are lumped together under a single entry for a day.  For example, on January 21, 2014, Owen:

> Reviewed docket sheet re: recusal information; e-mails with client regarding same; reviewed e-emails re: time for removal; research filing request for extension of time ex parte in state court; discussed same with Mr. Stanley; reviewed e-mails from Mr. Stanley and clients from client regarding same; researched time delay for answering amended petition; emails with Mr. Stanley regarding same; discussed draft removal with Ms. Hewlings.

R. Doc. 24-2, p. 18. As further illustration, on January 22, 2014, Owen:

> Reviewed and revised notice of removal; discussed filing same with co-counsel; e-mails with client regarding same; reviewed recusal order in divorce case; reviewed disciplinary case cited in amended petition and other similar cases; reviewed docket sheet re: recent developments in Allen state court suits.

*Id.* The billing entries are replete with other instances.

While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Hensley*, 461 U.S. at 437, n. 12. A review of case law reflects that the method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D.La. 2008) (Roby, M. J.); *Harris v. Allstate Ins. Co.*, 2009 WL 86673, at *3 (E.D.La. 2009) (Roby, M. J.) (reduction of fee award by 25% percent because of block-billing); *see also Phoenix Four, Inc., v. Strategic Resources Corporation*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug.1, 2006) (fee award reduced by 25% for block billing); *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt*, No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov.17, 2005); (reduction of award by 25% for block billing, excessive hours, and vagueness in time entries); *Sea Spray Holdings, Ltd. v. Pali Fin. Group Inc.*, 277 F.Supp.2d 323, 326 (S.D.N.Y.2003) ("because of . . . the inherent difficulties the court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the court finds that a 15% "flat reduction of fees . . . is warranted."). Therefore, the Court will decrease Defendants' below fee award by 25 percent because of systemic block-billing.

### 2. Billing Judgement

Plaintiff opposes Defendant's billing records and contends that he is entitled to review the entries that are redacted. R. Doc. 29, p. 5. Plaintiff further contends that Defendants are seeking fees for entries that are completely redacted. As illustration, Plaintiff cites the October 1, 2014, invoice, which seeks fees for 7.4 hours. Plaintiff argues that only 1.3 hours include an explanation of activity conducted, the other 6.1 hours are redacted. Plaintiff similarly cites invoices for

November 1, 2014, March 1, 2015, and time records for March 5 – 27, 2015, as further examples

of Defendants seeking fees for completely redacted entries. *Id.* at 4.

In opposition, Defendants argue that they have properly redacted their invoices to exclude

entries that are unrelated to this litigation and that they are not seeking fees for redacted entries.

R.Doc. 30, p. 5. Defendants also provided the Court with unredacted billing invoices for the

Court's *in camera* review. Having outlined each party's position, the Court will now evaluate each

argument in turn.

The Court conducted a line-by-line calculation of Defendants' entries and has determined

that, contrary to Plaintiff's argument, Defendants are not seeking reimbursement for entries that

are redacted. For example, although the October 1, 2014, invoice totals 7.40 hours, Defendants

only seek reimbursement for 1.30 of those hours. The November 1, 2014, invoice totals 39.80

hours, but the unredacted entries for which Defendants seek reimbursement totals 18.20 hours.

The December 1, 2015, invoice totals 3.50, but the unredacted entries for which Defendants seek

reimbursement totals 2.30 hours. The Court's calculation of requested, unredacted entries for each

attorney and the corresponding invoice month is delineated below.[1]

---

[1] Defendants' motion includes invoices for the months of February, March, April, May, June, July, August, October, November, and December of 2014, and March of 2015. Defendants also include an invoice for the date range of March 5, 2015, through March 27, 2015. *See* R. Doc. 24-2, p. 17. Each invoice included hours for entries which were itemized by dates in the preceding month. The chart reflects the monthly total of each entry for each attorney.

| Invoice Month | Owen | Stanley | Hewlings | Conner | Total Hours |
|---|---|---|---|---|---|
| 02/01/14 | 12.90 | 3.70 | 11.70 | 5.10 | 33.40 |
| 03/01/14 | 18.90 | | 23.70 | | 42.60 |
| 04/01/14 | 0.90 | 0.30 | | | 1.20 |
| 05/01/14 | 1.20 | | | | 1.20 |
| 06/01/14 | 3.90 | | 10.30 | | 14.20 |
| 07/01/14 | 2.60 | | 1.70 | | 4.30 |
| 08/01/14 | 0.10 | | | | 0.10 |
| 10/01/14 | 0.70 | 0.60 | | | 1.30 |
| 11/01/14 | 1.00 | 0.20 | 17.00 | | 18.20 |
| 12/01/14 | 1.10 | | 1.20 | | 2.30 |
| 03/01/15 | 3.00 | | | | 3.00 |
| 3/5/15 - 3/27/15 | 10.10 | 0.20 | 16.20 | | 26.50 |
| | | | | | |
| Total Hours | 56.40 | 5.00 | 81.80 | 5.10 | 148.30 |

The total requested hours for unredacted entries are: Owen (56.40), Stanley (5.00 hours), Hewlings (81.80 hours), and Conner (5.10 hours). These hours match Defendants' requested hours in their motion. Having determined that Defendants are not seeking fees for hours that were redacted, the Court will proceed with its review of the unredacted entries.

The next issue is to determine if any entries are unrelated to the instant matter. As background, Plaintiff sued all 22nd Judicial District Court judges in state court based on the same issues that were present in this suit. Although different Defendants, both cases involve the same facts and defense of a Section 1983 claim. Moreover, while the instant, federal matter was pending, Plaintiff also challenged the validly of a state trial court's contempt order through writs and an appeal to the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court.

Plaintiff argues that Defendants' motion includes entries that were spent on other matters. R. Doc. 29, p. 7. In particular, Plaintiff identified multiple instances of, what he argues, are billing entries for unrelated state court and legal malpractice claims. *Id.* at 8.  For example, Plaintiff argues that the January 6, 2014, "Reviewed suit filed against 22nd JDC judges" entry is irrelevant to this litigation.

Defendants argue that the state court matter is directly relevant to the federal matter because any decision in the state court case could alter their defense in the federal matter. R.Doc. 30-1, p.7.

Defendants contend that it was prudent for them to monitor those proceedings for the minimal time that they billed. *Id.*

District courts in this circuit have declined to award a party attorney's fees for entries for which the federal court does not have jurisdiction. *See e.g. Schipper v. TXU Corp.,* 2008 WL 2002044 (N.D. Tex. 2008) (rejecting Plaintiff's argument that fees for work performed in a state court could be awarded by a federal court where that work contributes to the outcome obtained in the awarding forum). The Court knows of no jurisdictional basis – statutory or constitutional – that supports a federal court awarding attorney's fees for hours spent on a state court matter for which this Court does not have jurisdiction. Defendants also do not cite any case law to support their position. Accordingly, the below entries spent on a state court matter are unrelated and not recoverable.

| Date | Description | Owen |
|---|---|---|
| 1/6/14 | Reviewed suit filed against 22nd JDC judges | 0.60 |
| 1/8/14 | Review of client letter and memo and recent legal malpractice decision | 0.40 |
| 1/10/14 | Reviewed letters and memos provided by client, discussed client issues with Mr. Stanley; e-mail to Mr. Stanley regarding same; reviewed e-mails from Mr. Stanley and client regarding same; reviewed 22nd JDC docket sheet re: service of process in Walker Allen suits | 1.50 |
| 1/20/14 | Reviewed docket sheets of various Allen suits re: recusal and service; discussed same with co-counsel; reviewed e-mails from client and co-counsel regrading removal | 0.80 |
| 1/23/14 | Reviewed docket sheet re: recent activity; arranged to obtain copy of same; finalized notice of removal for filing; discussed case issues with Mr. Stanley; reviewed exceptions filed by 22nd JDC judges; discussed same with Mr. Stanley; emails with client regarding same and notice of removal | 1.50 |
| 1/24/14 | Reviewed pleadings related to contempt motion; reviewed docket sheet re: recent activity; reviewed notifications re: certificate of compliance; e-mails with client re: Allen statement in writ opposition concerning final and executory judgments; discussed researching distinction between same with Ms. Conner. | 1.00 |
| 1/27/14 | Reviewed e-mail and related research from Ms. Conner re: executory versus finally and definitive judgements; conducted additional research regarding the same; reviewed notification re: Supreme Court writ grant application; e-mail with client regarding same; discussed same, motion to dismiss, extension of time for filing same, and research regarding effect of Supreme Court writ application on appellate decisions with various counsel | 1.50 |
| 3/10/14 | Reviewed docket sheet in judge's case; emails with client regarding the same | 0.30 |
| 3/11/14 | Reviewed docket sheet for rule to show cause in Allen case against judges; reviewed rule to show cause, e-mail to client regarding same | 0.30 |
| 4/8/14 | Reviewed docket sheet in state court for recent activity; reviewed proposed judgement in judges' case | 0.30 |
| 4/21/14 | E-mail to client re: issuance of summons to other defendants; reviewed docket sheet in state court for recent activity; reviewed proposed judgement in judges' case | 0.40 |
|  |  |  |
|  | Total Hours Spent on an Unrelated Matter | 8.60 |
|  | Total Hours Requested | 56.40 |
|  | **Total Hours Related** | **47.80** |

As shown by the chart, Owen exclusively worked on the entries that this Court finds are unrelated. The remaining hours submitted by Owen and the hours submitted by Stanley, Conner, and Hewlings are relevant to the federal litigation and were incurred reasonably. Therefore, the Court finds that Defendants' reasonable hours incurred are: Owen, (47.80), Stanley (5.00), Hewlings (81.80), and Conner (5.10).

### 3.  Fees Incurred Responding to Plaintiff's Opposition

Defendants further seek an additional $2,125.00 for fees incurred responding to Plaintiff's opposition. R. Doc. 30-1. Defendant argues that Hewlings spent 7.5 hours and Owen spent 4.0 hours drafting and reviewing their reply memorandum. *Id.* at 9. However, unlike their initial requests, Defendants did not submit billing documentation for their supplemented fee request.

Absent sufficient documentation, the Court may reduce the number of hours awarded or deny the fee application in its entirety. *See La. Power & Light*, 50 F.3d at 327–28. When litigants submit fee requests, which are vague or have inadequate documentation, they "take their chances" that the fee requests or applications will be reduced or denied in their entirety. *Id.* at 327.

A 50 percent reduction is warranted because of Defendants' insufficient documentation. *See Glass v. U.S.,* 335 F.Supp.2d 736, 742–43 (N.D.Tex. 2004) (holding that a failure to produce documentation regarding billing statements of counsel was a factor in reducing requested attorney's fees by 50 percent). Therefore, $2,125.00 x 50% = $1,062.50. Thus, a fee amount of $1,062.50 is reasonable.

### 4.  Reasonable Attorney's Fee

Defendants request $28,783.00 in attorney's fees in their original motion. R. Doc. 24. Given the above reduction for work on unrelated matters, their request is reduced by $2,150 (8.60hours x $250) to $26,633.00. This amount is further reduced by 25 percent because of block-

billing, which brings the total to $19,974.75. Additionally, the Court finds that $1,062.50 is a reasonable fee for preparing the opposition. Therefore, it is recommended that Defendants' be awarded attorney's fees in the amount of $21,037.25 as delineated below.

| | Owen ($250) | Hewling ($150) | Conner ($130) | Stanley ($350) | Total Fee |
|---|---|---|---|---|---|
| Reasonable Hours | 47.80 | 81.80 | 5.10 | 5.00 | |
| (Reasonable Hours x Reasonable Rate) | $11,950.00 | $12,270.00 | $663.00 | $1,750.00 | $26,633.00 |
| | | | | | |
| 25% Block-Billing Reduction | $8,962.50 | $9,202.50 | $497.25 | $1,312.50 | $19,974.75 |
| | | | | | |
| Hours Incurred Responding to Plaintiff's Opposition | 4.00 | 7.50 | 0.00 | 0.00 | |
| 50% Reduction | 2.00 | 3.75 | 0.00 | 0.00 | |
| (Hours Incurred Responding to Plaintiff's Opposition  x Reasonable Rate) | $500.00 | $562.50 | 0.00 | 0.00 | $1,062.50 |
| | | | | | |
| Total Fee | $9,462.50 | $9,765.00 | $497.25 | $1,312.50 | $21,037.25 |

## C.    Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). Plaintiff does not contest that Defendant's application should be reduced because of a *Johnson* factor.

The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## D.    Costs

Defendants seek $1,160.10 for costs incurred defending against Plaintiff's now dismissed claim. R. Doc. 24-1, p. 15. In support of their request for costs, Defendants submitted documentation for each request that details the date, the amount, and a relevant explanation. *See* R. 24-2, p. 44. Defendants seek $11.55 for internal copying costs, $134.05 for online Westlaw legal research, $193.40 for a runner to obtain certified copies from St. Tammany courthouse for

removal, $22.50 to obtain copies at the St. Tammany courthouse, $520.00 in court filing fees, and $14.60 for PACER costs. In addition, Defendants seek $264.00 for 2.2 hours incurred by Helena Shear, who Defendants identify as a paralegal on their billing records. *Id.* at 15. Shear's hourly rate is $120. *Id.* However, Defendants did not present documentation attesting to Shear's background, training, or experience.[2]

Upon review of Defendants billing record and attached receipts, the Court finds that Defendants' request for Westlaw costs, court-filing fees, PACER costs, runner costs, courthouse copy fees, and photocopies are reasonable. However, the Court denies the request for paralegal costs because Defendants failed to provide documentation that indicates the paralegal's background and experience, which would prevent the application of the lodestar. *See Thomas v. Rockm D. Marine Servs., LLC*, No. 12-CV-1315, 2013 WL 1992177, at *4 (E.D. La. May 13, 2013). The Court further notes that a paralegal's work is more appropriate a part of an attorney's fees determination rather than costs.

Accordingly, Defendants' request for costs is reduced by $264.00 because they failed to provide documentation attesting to their paralegal's background and experience. Therefore, it is recommended that Defendants request for $1,160.10 in costs be reduced by $264.00, for a total of $896.10.

---

[2] It is well established that prevailing parties can recover for *fees* expended by paralegals working on the file. *See Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 n. 1 (5th Cir. 1980) (emphasis added). However, in order to recover for paralegal fees, "the qualifications of the paralegal performing the services must be specified in the application or motion requesting an award of fees in order to demonstrate that the paralegal is qualified by virtue of education, training, or work experience to perform substantive work." *See id*. Here, the Court notes that Defendants incorrectly placed reimbursement for hours incurred by their paralegal in their costs section. *See* R. Doc. 24-1, p. 15. Defendants are actually seeking fees for their paralegal's work on the file for which documentation attesting to their paralegal's education, training, or experience is required. *Id.*

IV.     **Conclusion**

Accordingly,

**IT IS RECOMMENDED** that the Defendants' **Motion for Attorneys' Fee and Costs (R. Doc. 24)** be **GRANTED** and that Defendants be awarded reasonable attorney's fees in the amount of **$21,037.25** and costs in the amount of **$896.10**, for a total award of **$21,933.35** to be paid by Plaintiff no later than twenty-one (21) days after the adoption of this Report and Recommendation by the District Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 14th day of January 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**