UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| L. WALKER ALLEN, II | CIVIL ACTION |
| VERSUS | NO: 14-204 |
| ROBERT C. LOWE, ET AL | SECTION: "H"(4) |

### ORDER AND REASONS

Before the Court is a Report and Recommendations issued by the Magistrate Judge assigned to this case (Doc. 42) regarding Defendants' Motion for Attorney Fees (Doc. 24).  For the following reasons, the Report and Recommendations is **ADOPTED IN PART** except as modified herein.

### BACKGROUND

Plaintiff filed this suit seeking damages arising out of several events that occurred during the course of his divorce proceeding in Louisiana state court. Defendants Robert Lowe, Jeffrey Hoffman, and the law firm of Lowe, Stein, Hoffman, Allweiss & Hauver, LLP, represented Plaintiff's wife, Susan Martin.

1

While the divorce action was pending, Plaintiff filed a separate suit in Louisiana state court seeking the partition of a vehicle that Plaintiff alleged was co-owned by him and Ms. Martin.  During the partition proceedings, the judge granted a motion for contempt and ordered Plaintiff to surrender the title that day and to pay attorney's fees to Defendants and a $1,000 sanction.  Plaintiff complied with the contempt order promptly, but sought supervisory review of the contempt order through the Louisiana courts and later argued that the district court lacked subject matter jurisdiction over the partition action.  Both arguments were ultimately unsuccessful.[1]  The contempt judgment was affirmed on direct appeal in December of 2014.[2]

On December 19, 2013, Plaintiff filed the instant suit in Louisiana state court alleging that Defendants' conduct in the divorce and partition proceedings violated 42 U.S.C. § 1983 and LUTPA.  Defendants removed the suit to this court and filed a motion to dismiss arguing that Plaintiff failed to state a claim for a violation of either statute.  Defendants also requested reasonable attorney's fees associated with their defense of the section 1983 and LUTPA claims pursuant to 42 U.S.C. § 1988 and La. Rev. Stat. § 51:1409, respectively.[3]  Despite the fact that the motion to dismiss remained pending for nearly seven months, Plaintiff never filed an opposition.  The Court granted

---

[1] *Allen v. Allen*, 132 So. 3d 380 (La. 2013) (denying supervisory review of the contempt order); *Allen v. Allen*, – So.3d. –, 2014 WL 1800077 (La. May 7, 2014) (finding that the state judge had subject matter jurisdiction over the partition action).

[2] *Allen v. Allen*, 2013-0996, 2014 WL 7368574 (La. App. 1 Cir. Dec. 29, 2014).

[3] *See* 42 U.S.C. § 1988 (permitting recovery of attorney's fees in § 1983 cases); La. Rev. Stat. § 51:1409(A) (permitting recovery of attorney's fees in LUTPA cases).

the motion to dismiss but deferred ruling on the request for attorney's fees, offering Plaintiff one last opportunity to be heard. On October 27, 2014, eight months after the motion to dismiss was filed, Plaintiff filed a brief arguing that the action was meritorious and that Defendants were not entitled to attorney's fees. The Court rejected Plaintiff's arguments and awarded Defendants reasonable attorneys' fees incurred in the defense of Plaintiff's claims. As ordered by the Court Defendants filed a Motion for Attorney's Fees before the Magistrate Judge on March 30, 2015. The Magistrate issued a Report and Recommendations to which both parties have filed objections.

## LEGAL STANDARD

### I. Review of the Magistrate's Report and Recommendations

28 U.S.C. § 636(b)(1)(B) permits the district court to refer dispositive matters to a magistrate judge, who then issues a report and recommendations. 28 U.S.C. § 636(b)(1)(C). The district court reviews de novo those portions of the report and recommendations to which objection is made.[4] The court reviews all other portions for clear error.[5]

### II. Determination of Attorneys' Fees Award

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining an award of attorneys' fees.[6] The lodestar equals "the number of hours reasonably expended on the litigation

---

[4] 28 U.S.C. § 636(b)(1).
[5] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).
[6] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

3

multiplied by a reasonable hourly rate."[7]  The lodestar is presumed to yield a reasonable fee.[8]

## LAW AND ANALYSIS

The Court referred this matter to the Magistrate Judge for a Report and Recommendation on an appropriate attorney's fees award.  Defendants seek to recover fees for four attorneys that worked on the matter: Richard Stanley, Thomas Owen, Cassandra Hewlings, and Eva Conner.  These attorneys' hourly rates are, respectively, $350 per hour, $250 per hour, $150 per hour, and $130 per hour.  At the outset, the Court notes that neither party has objected to the Magistrate's determination that these hourly rates are reasonable.  Accordingly, the Court adopts the Magistrate's findings that the hourly rates are reasonable and may be used in the lodestar calculation.

Defendants have made three specific objections to the Report and Recommendation.  First, they aver that the Magistrate Judge improperly reduced the total fee request by 25 percent because the time entries in defense counsels' invoices contained "block billed" entries.  Second, they object to the Magistrate's exclusion of 8.6 hours of time because the entries contained time spent monitoring other litigation potentially relevant to defending the claims at issue in the matter before this Court.  Third, defendants object to the Magistrate's 50 percent reduction of fees incurred in responding to Plaintiff's Opposition to this Motion for Attorney's Fees.  Plaintiff has likewise filed an

---

[7] *Id.*

[8] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

Objection to the Report and Recommendation asking the Court to reconsider its prior finding that this suit was objectively groundless and brought in bad faith. The Court will address each of these objections in turn.

**I. Defendants' Objection to Block Billing Reduction**

Defendants first object to the Magistrate's 25 percent reduction of the overall attorneys' fee award due to systemic block billing. Defense counsels' billing statements are "block billed," a method by which attorneys bill several hours of work for multiple tasks without itemizing the amount of time spent on each task. This method "makes it difficult for the court to determine whether the attorney spent excessive time on an individual task or duplicated the efforts of co-counsel."[9] Because defense counsel billed in this manner, the Court is unable to determine the reasonableness of time billed for individual tasks.[10] The Magistrate correctly determined that the most common method used to compensate for block billing is a flat reduction of a specific percentage from the fee award.[11] Accordingly, the Court finds that a reduction of Defendants fee award by 25 percent is warranted because of systemic block billing. This objection is overruled.

---

[9] *Piazza's Seafood World, LLC v. Odomm*, No.04-690, 2010 WL 2290696, at *2 (E.D. La. June 3, 2010) (citing *Cristancho v. National Broadcasting Co.,* 117 F.R.D. 609, 610 (N.D. Ill. 1987)).

[10] *See id.*

[11] *See id. See also Bollinger Marine Fabricators, LLC v. Marine Travelift, Inc.*, No. 14-1743, 2015 WL 4937839, at *12 (E.D. La. Aug. 18, 2015); *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009).

## II. Defendant's Objection to the Exclusion of Time Spent Monitoring State Court Litigation

Defendants next object to the exclusion of 8.6 hours of Mr. Owen's time spent monitoring related state court litigation. Defendants billed for time monitoring two state-court matters related to this litigation: the underlying divorce and partition proceedings in which Defendants represented Mr. Allen's ex-wife and the suit brought by Mr. Allen against the entire 22nd Judicial District Court under Section 1983. They contend that this time was appropriately billed because counsel needed to monitor those proceedings to determine whether events in those matters could positively or negative impact the Defendants' defense in this case. This Court agrees in part, inasmuch as it did direct the parties to be prepared to discuss the impact of the Louisiana First Circuit Court Appeals' ruling upholding the validity of the Contempt Order that is the subject of this litigation. The Court finds, however, that 8.6 hours is an excessive amount of time spent preparing to discuss this issue. Accordingly, the Court finds that the 8.6 hours billed should be reduced by 50 percent to 4.3 hours.[12] Accounting for Mr. Owen's billing rate of $250 per hour and the Court's 25 percent overall reduction for block billing, this ruling increases the overall fee award by $806.25. This objection is sustained in part.

## III. Defendant's Objection to the 50 Percent Reduction for Fees Incurred in Responding to Plaintiff's Opposition to this Motion

---

[12] The Court notes that billing entries include monitoring state court litigation beyond the pending appeals court case.

6

Defendants' final objection is to the Magistrate's 50 percent reduction of fees incurred in responding to Plaintiff's Opposition to this Motion for Attorneys Fees. The Magistrate recommended this reduction because Defendants did not submit billing documentation along with this request for additional fees. When litigants submit fee requests that are vague or have inadequate documentation, they run the risk that the fee requests will be reduced or denied in their entirety.[13] Accordingly, the Court finds that a 50 percent reduction of fees requested in responding to Plaintiff's opposition is appropriate considering Defendants' insufficient documentation. This objection is overruled.

### IV. Plaintiff's Objection

Plaintiff's objection represents a further attempt to relitigate the issue of whether Defendants are entitled to recover fees. Plaintiff "suggests that, in the interests of justice, this Court should reconsider its prior evaluation that his suit against these Defendants was 'objectively groundless and brought in bad faith.'" Notably, Plaintiff does not object to any of the Magistrate's recommendations. The Court declines Plaintiff's invitation revisit its prior determination that Defendants are entitled to collect attorneys' fees. That matter was the subject of an earlier Motion, which the Court granted after Plaintiff was given a full and fair opportunity to submit argument in opposition to an attorneys' fees award. Plaintiff may not use an objection to this Report

---

[13] *See La. Power  Light*, 50 F.3d at 237.

and Recommendations to dredge up the issue anew. The objection is therefore denied.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge is **ADOPTED AS MODIFIED HEREIN**. Defendants' attorneys' fee award is increased by $806.25 to $21,843.50 to account for 1.72 hours spent monitoring related state court litigation. The Court also adopts the magistrate's finding with regard to an $896.10 award of costs, bringing the total award to $22,739.60.

New Orleans, Louisiana this 31st day of March, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

8